**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| SAMANTHA SALAZAR, | * |
| LIDIA ELIZABETH OJEDA DE SALAZAR, and | * |
| | * |
| WILBER ALEXANDER MENJIVAR, | |
| | * Case No.: |
| Individually and on behalf of all others similarly situated, and all who have filed or will file consent to suit forms in this case, | * |
| | * |
| Plaintiffs, | * |
| v. | * |
| SNR CONTRACTORS & ASSOCIATES, INC., and | * |
| | * |
| SALOME NAVARRO, | |
| | * |
| Defendants. | |
| *   *   *   *   *   *   *   *   *   *   *   * | |

**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiffs, Samantha Salazar, *et al.*, for themselves and all others similarly situated (Colorado State law claim), and all whom will file a consent to suit form (FLSA claim), by their undersigned attorneys, bring this action against Defendant, SNR Contractors & Associates Inc. ("SNR" or "Employer") and Defendant Salome Navarro, and allege as follows:

**INTRODUCTORY STATEMENT**

1

1. This action stems from Defendants' failure to properly pay all wages due and owing, and the Defendants' related efforts to unlawfully avoid and evade employer obligations and costs. Plaintiffs are employees or former employees of Defendants.

2. Plaintiffs all share or shared similar job titles, job skills, and job responsibilities and were subjected to the same or similar terms and conditions of employment, as well as the same denial of full and timely payment of all wages due.

3. Plaintiffs, who are or have been employed by Defendants as "non-exempt" employees and/or are or have been misclassified as independent contractors, bring this action—individually and on behalf of all former and current employees of Defendants who performed painting, cleaning, and related services at any point in the three years preceding the date this action was initiated—for declaratory, injunctive, and monetary relief arising out of Defendants' deliberate, intentional, and willful failure to timely pay Plaintiffs time-and-a-half for overtime wages, as required by federal and/or state law.

4. Other current and former employees and/or persons who were misclassified as independent contractors by Defendants are also entitled to recover unpaid wages and overtime compensation for the reasons alleged in this complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' related claims under state law.

6. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiffs' claims occurred in this District, where SNR is located.

## PARTIES

7. At various times during the past three years, the above-named Plaintiffs and other similarly situated individuals have worked overtime hours for Defendants for which they were not compensated at the proper overtime wage rate. At all times relevant herein, notwithstanding the misclassification by Defendants, named Plaintiffs and other similarly situated individuals who may later join this action were or are "employees" within the meanings of the FLSA and of the Colorado Wage Claim Act.

8. Plaintiffs have each signed written consent forms to be named Plaintiffs in a FLSA collective action. The signed consent forms for Ms. Samantha Salazar, Ms. Lidia Elizabeth Ojeda de Salazar, and Mr. Wilber Alexander Menjivar are attached as Exhibit 1.

9. Defendant SNR is a corporation that has its principal place of business in the State of Colorado, has a business presence in the State of Colorado, and/or otherwise conducts business, and/or provides services in the State of Colorado. Defendant SNR, a construction contractor, performs painting, drywall installation (hanging, framing, finishing/taping), remodeling, cleaning, and other services in the Denver Metro Area.

10. Defendant Salome Navarro is the owner and President of SNR. He has been the President of SNR since November of 2009. He has exerted substantial operational control over significant aspects of the employment policies of Defendant SNR. He exerted substantial control over the management and operations of Defendant SNR, was present at jobsites in which Plaintiffs worked, and he and his immediate family were personally involved in the decisions to violate the FLSA and Colorado wage laws.

11. Defendants collectively were an enterprise with annual revenue of more than $500,000 per year.

12. Defendants are joint employers of all Plaintiffs. Each Defendant has major authority in controlling Plaintiffs' work on a day-to-day basis, including hiring, work assignments, providing of materials, training, direction of work through supervisors, and decisions about how many of Plaintiffs' hours of work would be compensated and how and when Plaintiffs would be paid.

## STATEMENT OF FACTS

13. In the period between April 2017 and the present, Defendants employed Plaintiffs and other similarly situated employees to perform painting work on at various job sites in the Denver Metro area, including, but not limited to, the: Axis Westminster Apartments, Vince J. Boryla Apartments, AMLI Riverfront Green Apartments, Station A at Gateway Park, AMLI Littleton Village Apartments, Park 1200 Apartments, Parkfield Apartments, and the Alta Pinehurst Apartments.

14. Named Plaintiffs and those similarly situated performed painting and cleaning activities that include, but are not limited to, the following: painting preparation including covering areas with paper and plastic to protect areas and floors; painting (spraying and rolling) of walls, ceilings, trim, doors, hallways, and bathrooms; touch up painting; cleaning drywall, kitchen cabinets, garages, and pool areas; and taking out trash.

15. In performing painting and cleaning related work, Plaintiffs were an integral part of Defendants' core business.

16. Plaintiffs were economically dependent on employer Defendants. Plaintiffs did not exercise any managerial control that affected an opportunity for profit or loss. Defendants determined Plaintiffs' work schedules, the quantity of hours Plaintiffs worked, what projects Plaintiffs worked on, and Plaintiffs' rates of pay. Plaintiffs were not free to come and go as they pleased.

17. Defendants set the various work rules that Plaintiffs were required to follow. For example, SNR supervisors advised Plaintiffs that they were not to use their phones during work hours, and that if they did, they would be issued warnings.

18. While working on SNR job sites, Plaintiffs were managed and supervised by agents of SNR.

19. At times, Defendant Navarro was present at certain job sites where Plaintiffs worked, and Defendant Navarro managed and supervised Plaintiffs and Plaintiffs' supervisors.

20. Plaintiffs were required to clock in and out while working on SNR job sites. SNR kept timesheets for Plaintiffs.

21. Defendants have made a significant capital investment in their painting operations. When Plaintiffs performed the painting and cleaning related work, SNR provided the paint, caulking, plastic, tape, paper, sandpaper, mini-rollers, brooms, and mops.

22. In an effort to disguise Plaintiffs' status as employees, misclassify them as independent contractors, and deny them wages owed under the FLSA and Colorado law, Defendants required Plaintiffs and other employees to create Limited Liability Companies ("LLCs") through which Defendants would pay wages.

23. Named Plaintiffs and those similarly situated have, at one or more times, worked overtime hours for Defendants as non-exempt workers. Under § 207 of the FLSA, all hours worked by Plaintiffs as "overtime" hours are payable at a rate of not less than one-and-one-half times the regular hourly rate. Defendants failed to pay Plaintiffs at least time-and-a-half for each overtime hour worked. Upon information and belief, the unlawful pay practices of Defendants have been maintained and applied for at least the last three years.

24. By way of example, during the workweek of June 25, 2018 to July 1, 2018, Plaintiff Samantha Salazar worked 55 total hours for Defendants at the Alta Pinehurst Apartments jobsite and the AMLI Littleton Village Apartments jobsites. For this same workweek, Plaintiff Salazar was not paid *any* overtime pay. Instead, she was paid at straight pay for all hours worked.

25. As another example, during the workweek of July 23, 2018 to July 29, 2018, Plaintiff Lidia Elizabeth Ojeda de Salazar worked 50.75 total hours for Defendants at the Gateway Block F jobsite. For this same workweek, Plaintiff Ojeda de Salazar was not paid *any* overtime pay. Instead, she was paid at straight pay for all hours worked.

26. As another example, during the workweek of May 28, 2018 to June 3, 2018, Plaintiff Wilber Alexander Menjivar worked 58.25 total hours for Defendants at The King Street Student Housing jobsite. For this same workweek, Plaintiff Menjivar was not paid *any* overtime pay. Instead, he was paid at straight pay for all hours worked.

27. Plaintiffs knew or should have known that Plaintiffs were entitled to overtime.

28. Plaintiffs were subject to the daily and direct supervision and control of Defendants. But Plaintiffs never received overtime.

## COLLECTIVE ACTION ALLEGATIONS

29. The named Plaintiffs bring their Count I claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendant. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "216(b) Class" as follows:

> All individuals SNR compensated on an hourly basis to perform painting, drywall installation, cleaning or related work and who were not paid overtime premiums for hours worked in excess of 40 in a workweek between November 4, 2016 and the present.

30. The relevant time period dates back three years from the date on which this Complaint was filed because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

31. All potential 216(b) Class Members are similarly situated because they worked for Defendants subject to a common misclassification scheme and were subject to Defendant's uniform policy of failing to pay required overtime premiums.

32. Named Plaintiffs and those similarly situated have, at one or more times, worked overtime hours for Defendants as non-exempt workers. Under § 207 of the FLSA, all hours worked by Plaintiffs as "overtime" hours are payable at a rate of not less than one-and-one-half times the regular hourly rate. Defendants failed to pay Plaintiffs at least time-and-a-half for each overtime hour worked. Upon information and belief, the unlawful pay practices of Defendants have been maintained and applied for at least the last three years.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs Assert two distinct Class Action Claims pursuant to the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et. seq.*, and Fed. R. Civ. P. 23.

### The Former Employee Class

34. Plaintiffs Lidia Elizabeth Ojeda de Salazar and Samantha Salazar are former employees of Defendants. Plaintiffs Ojeda de Salazar and Salazar bring claims pursuant to C.R.S. § 8-4-109 on behalf of a class of former employees ("Former Employee Class") preliminarily defined as:

> All individuals formerly engaged by SNR, whom SNR has compensated on an hourly basis to perform painting, drywall installation, cleaning or related work in Colorado and who were not paid overtime premiums for hours worked in excess of 40 in a workweek between November 4, 2016 and the present.

35. Plaintiffs Ojeda de Salazar and Salazar and the former employee class seek relief in the form of unpaid wages, applicable statutory penalties, attorney's fees and costs. C.R.S. §§ 8-4-109, 110. As such, Plaintiffs seek certification of this Former Employee Class pursuant to Fed. R. Civ. P. 23(b)(3).

### The Current Employee Class

36. Plaintiff Wilber Alexander Menjivar is currently employed by Defendants. Plaintiff Menjivar brings claims pursuant to C.R.S. § 8-4-103(1) on behalf of a class of current employees ("Current Employee Class") preliminarily defined as:

> All individuals currently engaged by SNR, whom SNR has compensated on an hourly basis to perform painting, drywall installation, cleaning or related work in Colorado and who were not paid overtime premiums for hours worked in excess of 40 in a workweek between November 4, 2016 and the present.

37. Plaintiff Menjivar and the current employee class seek relief in the form of unpaid wages and permanent injunctive relief. Plaintiffs seek recovery of unpaid overtime premiums and a permanent injunction against their continued misclassification. As such, Plaintiffs seek certification of this Current Employee Class pursuant to both Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3).

38. Plaintiffs and the classes they allege meet the applicable requirements of Fed. R. Civ. P. 23(a): the members of the class are too numerous to practicably join, claims of individual class members originate from common questions of law and fact, named Plaintiffs pose claims typical and representative of the claims of the class, and they will fairly and adequately represent the class' interests. Because Defendants have acted unlawfully on grounds generally applicable to the class—thus making declaratory and injunctive relief appropriate—Plaintiffs also satisfy the prerequisites of Fed. R. Civ. P. 23(b)(2).

39. Additionally, because common questions of law and fact predominate, class status is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3). Plaintiffs are not aware of any litigation concerning the controversy that has already begun, there is a desirability of concentrating the litigation in this forum, there has been no interest expressed by class members to individually control the prosecution of this action, and there are no likely difficulties in managing a class action.

40. While the exact number of the members of these Classes is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are over 300 individuals in each of the Classes.

41. Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a. Whether Plaintiffs were improperly classified as independent contractors;

   b. Whether Defendants failed to pay overtime compensation for all hours worked in excess of 40 per work week;

   c. Whether Defendants accurately recorded Plaintiffs' time;

   d. Whether Defendants complied with State unemployment, worker's compensation, and tax reporting laws regarding Plaintiffs' employment.

## COUNT I
## FAIR LABOR STANDARDS ACT
(29 U.S.C. § 201 *et seq*.)

42. This count is asserted by all named Plaintiffs against all Defendants on behalf of themselves and all others similarly situated.  29 U.S.C. § 216(b).

43. Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

44. Plaintiffs' claims are representative of the class as a whole.

45. Alternatively, Plaintiffs bring their respective claims under this count as individuals.

46. Defendants violated the FLSA by knowingly failing to compensate Plaintiffs at a rate of at least one-and-one-half times their regular hourly wage for all overtime hours worked.  29 U.S.C. § 207.

47. Pursuant to Defendants' policies and practices of misclassifying Plaintiffs and others as independent contractors, Plaintiffs were not paid overtime for all hours worked in excess of forty per week.

48. Defendants' actions were deliberate, intentional, and willful. Defendants are liable to Plaintiffs, under § 216(b) of the FLSA, for their unpaid overtime compensation, plus an additional equal amount in the form of liquidated damages, court costs, interest, reasonable attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY CURRENT EMPLOYEES EARNED, VESTED & DETERMINABLE WAGES OR COMPENSATION IN VIOLATION OF THE COLORADO WAGE CLAIM ACT ("CWCA"),
(C.R.S. §§ 8-4-103)

49. This Count is asserted by Plaintiff Wilber Alexander Menjivar, on behalf of himself and all others similarly situated, against Defendant SNR Contractors & Associates, Inc.

50. Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

51. Defendants were Plaintiffs' "employer" as that term is defined by the CWCA because they employed Plaintiffs in Colorado. C.R.S. § 8-4-101(5).

52. Plaintiffs were Defendants' employees as that term is defined by the CWCA because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. C.R.S. § 8-4-101(4).

53. The overtime premiums and wages Defendants denied Plaintiffs constitute earned wages or other compensation owed Plaintiffs. C.R.S. § 8-4-101(14).

54. Plaintiff Wilber Alexander Menjivar continues to work for Defendants.

11

55. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of wages they are owed. C.R.S. §§ 8-4-103.

56. As joint employers, Defendants are joint and severally liable to Plaintiffs and the Colorado Class.

## COUNT III
## FAILURE TO PAY FORMER EMPLOYEES EARNED, VESTED & DETERMINABLE WAGES OR COMPENSATION IN VIOLATION OF THE COLORADO WAGE CLAIM ACT ("CWCA"),
(C.R.S. §§ 8-4-109)

57. This Count is asserted by Plaintiffs Lidia Ojeda de Salazar and Samantha Salazar, on behalf of themselves and all others similarly situated, against Defendant SNR Contractors & Associates, Inc.

58. Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

59. Defendants were Plaintiffs' "employer" as that term is defined by the CWCA because they employed Plaintiffs in Colorado. C.R.S. § 8-4-101(5).

60. Plaintiffs were Defendants' employees as that term is defined by the CWCA because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. C.R.S. § 8-4-101(4).

61. The overtime premiums and wages Defendants denied Plaintiffs constitute earned wages or other compensation owed Plaintiffs. C.R.S. § 8-4-109.

62. Plaintiffs Lidia Elizabeth Ojeda de Salazar, and Samantha Salazar no longer work for Defendants.

63. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of wages they are owed, including overtime premiums, together with any applicable statutory penalties, reasonable attorney's fees and court costs. C.R.S. §§ 8-4-109, 8-4-110.

64. As joint employers, Defendants are joint and severally liable to Plaintiffs and the alleged classes.

## DEMAND FOR JURY TRIAL

65. Plaintiffs demand a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

66. Plaintiffs respectfully request an Order from this Court:

   a. Certifying the FLSA opt-in class and issuing prompt notice to members of the FLSA class;

   b. Certifying the Rule 23 classes, naming the named Plaintiffs class representatives, and naming Plaintiffs' counsel class counsel;

   c. Granting judgment in favor of all Plaintiffs and against all Defendants;

   d. Awarding Plaintiffs and the Rule 23 classes their damages and penalties under state laws;

   e. Awarding Plaintiffs and the Rule 23 classes injunctive relief;

   f. Awarding Plaintiffs and those similarly situated, unpaid overtime, and liquidated damages pursuant to FLSA (29 U.S.C. §§ 201 *et. seq.*);

   g. Awarding Plaintiffs and those similarly situated their costs;

   h. Awarding Plaintiffs and those similarly situated their attorney's fees;

      i. Awarding Plaintiffs and members of the class all appropriate equitable and injunctive relief;

      j. Granting such other relief as this Court deems just and proper;

      k. Compensatory damages, including for emotional distress, as allowed by law;

      l. Punitive, exemplary, and liquidated damages as allowed by law;

      m. Awarding Plaintiffs and those similarly situated pre-judgement and post-judgment interest, when allowable by law.

Dated: November 4, 2019            Respectfully submitted,

*/s/ Andrew Turner*
Andrew Turner
Atty. Reg # 43869
THE KELMAN BUESCHER FIRM, P.C.
600 Grant Street, Suite 825
Denver, Colorado 80203
(303) 333-7751 (telephone)
(303) 333-7758 (fax)
aturner@laborlawdenver.com

Christopher R. Ryon
David Maher
KAHN, SMITH & COLLINS, P.A.
201 North Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 244-1010 (telephone)
(410) 244-8001 (fax)
ryon@kahnsmith.com
maher@kahnsmith.com

David Seligman
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, Colorado 80218
(720) 248-8426 (telephone)
(303) 957-2289 (fax)
david@towardsjustice.org

Jason McGaughy
7234 Parkway Drive
Hanover, Maryland 21076
(410) 564-5928 (telephone)
jmcgaughy@iupat.org

*Attorneys for Plaintiffs*