IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03128-RBJ

SAMANTHA SALAZAR,
LIDIA ELIZABETH OJEDA DE SALAZAR, and
WILBER ALEXANDER MENJIVAR,
individually and on behalf of all others
similarly situated

    Plaintiffs,

v.

SNR CONTRACTORS & ASSOCIATES, INC.,
and SALOME NAVARRO,

    Defendants.

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Samantha Salazar, Lidia Ojeda de Salazar and Wilber Alexander Menjivar (the "Named Plaintiffs"), individually and on behalf of a collective of individuals who have timely opted into this matter (collectively, "Plaintiffs"), and SNR Contractors & Associates, Inc. and Salome Navarro ("Defendants") (together, the "Parties"), through undersigned counsel, respectfully submit this Joint Motion for Approval of Settlement Agreement ("Joint Motion"). Because the Parties believe that the proposed settlement is fair, reasonable, and adequate to all concerned, the Parties jointly request that the Court grant approval of their Settlement Agreement ("Settlement Agreement") and dismiss this collective action with prejudice.

## I.     PROCEDURAL HISTORY

Named Plaintiffs filed this action on November 4, 2019, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the Colorado Wage Claim Act ("CWCA") by failing to pay Plaintiffs overtime wages for hours worked exceeding 40 in a workweek.  (Doc. 1.) Defendant timely answered, denying Plaintiffs' allegations and asserting that Plaintiffs were at all times properly classified as independent contractors and properly paid under applicable law.  (Doc. 16.)  Plaintiffs filed their suit on their own behalf and on behalf of all others similarly situated.

On December 13 and December 27, 2019, Defendants issued "Unconditional Waiver and Release Upon Final Payment" documents to its alleged independent contractors, which purported to condition payment of earnings due to potential plaintiffs on the waiver of rights at issue in this case.  Plaintiffs took exception and the Defendants agreed to move jointly for issuance of corrective notice and nullification of those waivers. (Doc. 29).   The Court granted this motion by Order dated February 21, 2020. (Doc. 30).  The parties issued corrective notice accordingly.

On February 28, 2020, the Court granted Plaintiffs' unopposed motion for certification of their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).  Twenty-six opt-in Plaintiffs joined the three named Plaintiffs' FLSA claims prior to the May 10, 2020 opt-in deadline.[1]   The Court's Scheduling Order clarified that it would follow *Oldershaw v. DaVita Healthcare,* 255 F.Supp.3d 1110 (D. Colo. 2017) to bifurcate and stay all state law claims, purportedly asserted under Fed.R.Civ.P. 23(b) as class action claims, pending the resolution of the federal FLSA claims.  (Doc. 31).  As such, only FLSA claims proceeded through discovery.

---

[1] The Parties have agreed as part of the resolution to permit two individuals – Gabriela Diaz Aguilar and Katherine Morales -  to participate in the settlement, even though they did not timely opt into this litigation.  There are therefore a total of 31 Plaintiff participants in the Settlement Agreement.

2

The parties exchanged extensive requests for production and interrogatories pertaining to all twenty-nine individual FLSA claimants. Responding to these requests was particularly time-consuming as 22 of the 29 Plaintiffs were monolingual Spanish speakers with varying levels of formal education. The parties exchanged and reviewed over 550 pages of timekeeping, contractor invoice and corporate governance records which Plaintiffs used to calculate alleged overtime damages. On August 6, 2020, the parties engaged in good faith in a formal, private, facilitated mediation but were unable to reach an agreement. The parties continued their settlement efforts but did not reach agreement during August nor September of 2020.

On September 15, 2020 Plaintiffs filed an opposed motion to amend their complaint in several respects. The Plaintiffs sought leave to amend their complaint to "Eliminate their collective action claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and instead bring their claims as individuals; add new individualized claims on behalf of fifteen Plaintiffs based on the Equal Pay Act ("EPA"), *id.* § 206; add new claims on behalf of four Plaintiffs for unlawful retaliation under the FLSA, *id.* § 215(a)(3); and amend their Rule 23 class action claim under the Colorado Wage Claim Act, C.R.S. § 8-4-101 *et seq.*, to 1) eliminate the "Current Employee" class and 2) clarify that the owed and unpaid wages sought include both overtime premiums and wage differentials owed female employees under the EPA." (Doc. 50 pg. 1). This motion was denied as moot by Order dated October 13, 2020. (Doc. 53). The additional claims it purported to raise are salient here because the parties' Settlement Agreement compensates and releases such claims for the thirty-one signatory Plaintiffs it covers.

On October 7, 2020, the parties reached an agreement in principal to settle this matter on a classwide basis across the alleged Fed.R.Civ.P. 23(b) class. (Doc. 52 pg. 2 ¶ 3). This settlement was not completed after material disagreement regarding important terms. The parties continued

3

their efforts to resolve this matter, while preparing for trial. (Docs. 60, 61). On March 30, 2021, the instant agreement was reached to resolve the claims of only the thirty-one individual signatory Plaintiffs. (Doc. 63). The proposed Settlement Agreement is ratified by all parties and is attached to this Motion as Exhibit 1, for the Court's review.

## II. SUMMARY OF SETTLEMENT TERMS

Under the terms of the Settlement Agreement, Defendant will pay a Settlement Amount of Three Hundred Fifty Thousand Dollars ($350,000.00). The Settlement Amount will provide significant benefits to the Named and Opt-in Plaintiffs, as well as reasonably compensate counsel.

Plaintiffs earned hourly base wage rates during the disputed period that exceeded federal minimum hourly rates. 29 U.S.C. § 206. As such, Plaintiffs could only have suffered damages where the alleged uncompensated time was compensable as overtime. *See, e.g.*, *Romero v. Top-Tier Colorado, LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017).[2] Plaintiffs did not allege any minimum wage violations. With that in mind, the Settlement Amount fairly and adequately compensates all Plaintiffs for any and all losses that could be alleged in the Litigation.

Plaintiffs' review of the contractor invoice and work hours records pertaining to the signatory Plaintiffs indicates that they suffered lost overtime damages of $65,285.25. Ex. 2, Turner Aff. ¶16. The foregoing assumes that Plaintiffs would have complete success proving all alleged hours worked, and the intentional violation required to sustain a three-year limitation period. 29 U.S.C. § 255(a). Should Defendants fail to demonstrate that their alleged failure to pay overtime wages was an omission in good faith and based on reasonable grounds for believing in their compliance with the Fair Labor Standards Act, the liquidated damages provision of the FLSA

---

[2] At the time of the work in question here, construction workers like the Plaintiffs were not covered by the regulations now known as the Colorado Overtime and Minimum Payment Standards Order, 7 CCR 1103-1. Plaintiffs contend that such workers are now covered by the regulation and that this fact would change the analysis above.

would require an equal amount for a total FLSA damages amount of $130,570.50. 29 U.S.C. §§ 216(b), 260. The $350,000 Settlement Agreement the parties propose would provide the Plaintiffs with a gross total of $240,980.04, or $110,409.54 above their maximum FLSA damages. The proposed Settlement Agreement provides a global release signed by each individual plaintiff and the remaining amount above maximum FLSA damages compensates their release of additional Equal Pay Act, Colorado Wage Claim Act and retaliation claims which Plaintiffs allege – but over which the Court has not asserted jurisdiction - and which Defendants firmly deny.[3] Counsel has allocated the settlement funds to individual Plaintiffs based primarily upon the documented overtime hours they worked during the alleged three-year statutory period. Ex. 2, Turner Aff. ¶16. The average Plaintiff will receive gross payments of $7,773.55. *Id*. Each Plaintiff has specifically signed the settlement agreement, authorizing their individual settlement amount and the amount to be received by all other Plaintiffs. *Id*. The payment awarded each Plaintiff will be divided between wages and penalties as follows: Total Amount = Unpaid Wages + 29 U.S.C. §216(b) Liquidated Damages[4] + CWCA Penalty[5]. Wage payments will be issued less applicable tax withholdings, while CWCA penalties and liquidated damages will be reported as non-wage income on an IRS Form 1099-MISC. The non-wage income checks issued to Named Representative Plaintiffs Samantha Salazar, Lidia Ojeda de Salazar and Wilber Alexander Menjivar will include an additional $5,000.00 each as an incentive award. Ex. 1, Settlement Agreement, pg. 2 ¶1.A.(i)c.

---

[3] It should be noted that Defendants contend that no Equal Pay Act violation has occurred; that Plaintiffs made an inadequate written demand predicate to Colorado Wage Claim Act penalties C.R.S. § 8-4-109(3); and that the termination of certain Plaintiffs' contracts was motivated by a demonstrable pandemic downturn in business rather than retaliation.

[4] 29 U.S.C § 216(b) provides for liquidated damages equal to the amount of unpaid wages.

[5] C.R.S. §8-4-109(3) provides for a penalty equal to 125% of unpaid wages which penalty is increased by 50% for a showing of willfulness to a total CWCA penalty of 187.5% of unpaid wages. The Tenth Circuit Court of Appeals has held that such penalties are recoverable in addition to FLSA liquidated damages. *Evans v. Loveland Auto. Invs., Inc.,* 632 F. App'x 496 (10th Cir. 2015).

These three individuals initiated the case, sought out counsel, answered extensive written discovery, coordinated meetings of opt-in Plaintiffs, participated actively in discovery and settlement negotiation and allege that they suffered retaliation as a result. Ex. 2, Turner Aff. ¶17. The Settlement Agreement further provides that these three representatives will bear the responsibility of reporting and deducing from their individual taxable income, attorney's fees paid on behalf of the entire collective. Ex. 1, Settlement Agreement pg. 4 ¶1.A.(i).e.  Their efforts have generated value for the opt-in Plaintiffs and warrant this award.  *See*, *e.g.*, *Ramirez et al. v. El Tapatio, Inc. et al.,* Case No. 13-cv-00861-REB-BNB, Doc. No. 58 (D. Colo. 2013) (approving $10,000.00 incentive award to class representative in wage class action); *Pliego v. Los Arcos Mexican Restaurants, Inc.,* 313 F.R.D. 117, 131 (D. Colo. 2016) (In an FLSA collective case, the Court found that: "The stipulated $7,500.00 award here is appropriate and is commensurate with awards in similar cases.") (collecting cases)).

This settlement is a substantial benefit to Plaintiffs, particularly because Defendant denies that *any* overtime was due, but is still a meaningful benefit to Defendant, which will not have to continue spending time and resources defending its actions in the Litigation, which, given the stage of the Litigation, would soon become substantial. Given the considerations described above, the Parties believe that the proposed Settlement Agreement fully compensates all Plaintiffs and is fair, reasonable, and adequate.

### III.   ATTORNEYS' FEES AND COSTS

Within twenty-one (21) days after the Court's approval of the proposed Settlement Agreement, Defendants will pay Plaintiffs' counsel attorney's fees and costs in the amount of One Hundred Nine Thousand Nineteen Dollars and 96 Cents ($109,019.96).  The payment shall be reported on an IRS Form 1099.

To approve this Settlement Agreement, this Court must first be satisfied that the award of attorneys' fees and costs is reasonable. *In re Copley Pharm., Inc.*, 1 F. Supp. 2d 1407, 1409 (D. Wy. 1998). As described below, the Settlement Agreement awards reasonable attorney's fees and costs to Plaintiffs' counsel.

The attorney's fees provided by this Settlement Amount fairly reflect the value of work that Plaintiffs' counsel performed. Counsel reviewed documents, engaged in motion practice, secured the preliminary certification of this case as a collective action, propounded and responded to written discovery, prepared mediation submissions, and coordinated with Named Plaintiffs and other Plaintiffs throughout the Litigation. Ex. 2, Turner Aff. ¶13. Counsel engaged in months of highly contested negotiations before reaching agreement. *Id.* Counsel continues to expend considerable time coordinating the participation of thirty-one individuals in this settlement. *Id.*

After exercising billing discretion to excise 144.5 hours of potentially redundant work, all Plaintiffs' counsel billed a combined total of 578.96 hours on this matter, at senior and associate attorney rates of $400.00 and $225.00 per hour. Ex. 2, Turner Decl. at ¶¶ 11-13; Ex. 3, Ryon Aff. ¶¶ 4-6. Plaintiffs have also incurred $4,330.79 in itemized litigation costs. Ex. 2, Turner Decl. ¶15. In sum, Plaintiffs' attorneys have billed $213,767.29 in fees and costs, and would be awarded only $109,019.96 (or 51.0% of amounts billed) through this settlement. *Id* at ¶15. After eliminating 144.5 hours in billing discretion, the Settlement Agreement would compensate counsel's remaining 578.96 hours at the sub-market rate of $188.30/hr.

Attorneys' fees under the FLSA are calculated in the same manner as those under the Civil Rights Acts, by multiplying the number of reasonable hours by a reasonable hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992). This is referred to as the "lodestar" method. *Blum v. Stenson,* 465 U.S. 886, 888 (1984); *Cooper v. Utah*, 894 F.2d 1169, 1171 (10th

7

Cir. 1990).  Once calculated, this lodestar is presumptively valid as the amount of fees to be awarded. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

Plaintiffs' counsel in this case have attached to this Motion their Declarations itemizing their time expended as well as the expenses they incurred. Ex. 2, Turner Decl. ¶¶ 12-13; Ex. 3, Ryon Aff. ¶6.  The billing records set forth in Exhibits A & B to the Affidavits of Plaintiffs' counsel Andrew H. Turner and Christopher Ryon are accurate and contemporaneous records of counsels' reasonable and necessary time spent litigating this case. *Id.*  Mr. Turner has practiced in the area of wage and hour litigation for eighteen years and has extensive experience in complex class and collective action litigation. *Id* at ¶¶ 6-10.  He has a successful record in his area of practice and has taught and published in his field. *Ids*.  Mr. Turner seeks fees at the rate of $400/hour.  This Court recently approved this rate as being reasonable for Mr. Turner's work on employment law matters. *Douglas County Federation, et. al. v. Douglas County School Dist., Re-1,* 1:17-cv-01047-MEH, ECF#91 at pg. 1-2 (Oct. 1, 2020).  The District Court for Denver County also recently approved Mr. Turner's $400/hour rate as reasonable in a wage and hour matter styled *Baker et. al. v. Helix TCS, Inc., et. al.,* 2017CV31428 (Denver Dist. Ct. August 3, 2020)(Vallejos, J.).  Plaintiff's counsel Christopher Ryon has also billed 119.8 hours at the same reasonable rate of $400/hr.  Ex. 3, Ryon Aff. ¶6.  Mr. Ryon has billed 108.5 hours of work by his junior associate David Mahr at a reasonable rate of $225/hr.  *Id.*

The fees allocated to Class Settlement Counsel are considered reasonable by the Parties and are well within the range of what is routinely awarded as attorney's fees in class and collective actions. The $109,019.96 sought in attorney fees and costs constitutes 31.15% of the total value of the settlement.  Fee awards that average around one-third of the total recovery are regularly deemed

8

reasonable in similar contexts. *See Hershey v. ExxonMobil Oil Corp.*, 2012 WL 5306260, *8 (D. Kan. 2012), *aff'd in part, dismissed in part*, 550 Fed. App'x 566 (10th Cir. 2013).

## IV. THE COURT SHOULD GRANT APPROVAL TO THE PARTIES SETTLEMENT AGREEMENT

To determine whether a proposed settlement is fair and equitable to all parties, courts apply certain fairness factors including: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether there exists material questions of law and fact that put the ultimate result of the litigation in question; (3) whether it is the judgment of the parties that the settlement is fair and reasonable; and, (4) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

At the outset, the Settlement Agreement should be accorded a presumption of fairness. The Court "may presume the settlement to be fair, adequate, and reasonable" where the settlement is a result of "arm's length negotiations between experienced counsel after significant discovery." *Lucas v. Kmart Corp.*, Civil Action No. 99-cv-01923-JLK, 2006 U.S. Dist. LEXIS 51439, at *22 (D. Colo. July 27, 2006). Further, the endorsement of a proposed settlement by counsel for both parties is a "factor that weighs in favor of approval" of a settlement agreement because "counsel for each side posses[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008).

All of the relevant criteria are met in this case. First, the proposed settlement was fairly and honestly negotiated over the course of months with the assistance of a private mediator. Second, there are material factual or legal questions that put the ultimate result of the Litigation in serious question, such that both Parties have determined that the certainty of a settlement is in their

9

best interests.  Plaintiffs' and Defendant's counsel, respectively, have extensively investigated the facts relating to the claim alleged, and have made significant discovery efforts.  Both parties have conducted a thorough study of the legal principles applicable to the claims asserted against Defendant.  Plaintiffs' counsel have diligently pursued investigation and prosecution of Plaintiffs' claims against Defendant.  Plaintiffs' counsel have exercised their independent judgment and have determined that this Settlement Agreement is in their clients' best interests after fully taking into account the inherent uncertainty and risk of loss or limited recovery, and the defenses asserted by Defendant.

Third, counsel for both Parties believe the settlement reached is fair and reasonable.  Based upon Plaintiffs' counsel's investigation, legal evaluation, and taking into account the sharply contested legal and factual issues involved as well as Plaintiff's counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Plaintiffs pursuant to this Settlement Agreement, counsel in consultation with the all Plaintiffs, have concluded that this Settlement Agreement is fair, reasonable, adequate, and in the best interests of all Plaintiffs.  Defendants and their counsel also agree that this Settlement Agreement is reasonable and fair.

Fourth, and relatedly, Plaintiffs' counsel believe that immediate recovery outweighs the mere possibility of future relief after expensive and protracted litigation.  Similarly, although Defendants strongly believe they would ultimately prevail in this action had the case proceeded, Defendants and their counsel believe a prompt resolution is a better business decision than spending time on continued litigation and incurring the costs associated with the same.

The standard for settlement approval having been met as described above, the Parties respectfully request that this Court grant approval of the proposed settlement.

**CONCLUSION**

The arms-length settlement in this matter avoids additional and unnecessary litigation, expense, and delay and makes the Plaintiffs whole. The Settlement Amount allocated to the Plaintiffs fairly compensates each Plaintiff. The portion of the Settlement Amount allocated to Plaintiffs attorneys' fees and costs is reasonable and appropriate in light of counsel's efforts and the results obtained. For the reasons set forth above, the parties respectfully request that the Court grant the instant motion in its entirety and enter an order granting approval to the Parties' Settlement Agreement and dismiss this matter with prejudice.

Respectfully submitted this 8th day of April, 2021.

*/s/ Andrew H. Turner*
Andrew H. Turner
MILSTEIN TURNER, PLLC
2400 Broadway – Suite B
Boulder, CO. 80304
(303)-305-8230
andrew@milsteinturner.com

Christopher R. Ryon
KAHN, SMITH & COLLINS, P.A.
201 North Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 244-1010 (telephone)
(410) 244-8001 (fax)
ryon@kahnsmith.com

David Seligman
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, Colorado 80218
(720) 248-8426 (telephone)
(303) 957-2289 (fax)
david@towardsjustice.org

Jason McGaughy
7234 Parkway Drive
Hanover, Maryland 21076
(410) 564-5928 (telephone)
jmcgaughy@iupat.org

Matthew Fritz-Mauer
THE KELMAN BUESCHER FIRM, P.C.
600 Grant Street, Suite 825
Denver, Colorado 80203
(303) 333-7751 (telephone)
(303) 333-7758 (fax)
aturner@laborlawdenver.com

*Attorneys for Plaintiffs*

*/s/ Brett M. Wendt*
Brett M. Wendt
Todd Fredrickson
LaLonnie Gray
1801 California Street, Suite 2700
Denver, CO 80202
Telephone: 303-218-3650
Fax: 303-218-3651
bwendt@fisherphillips.com
tfredrickson@fisherphillips.com
lGray@fisherphillips.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 8th day of April, 2021, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s/ *Andrew H. Turner*
Andrew H. Turner
*Counsel for Plaintiffs*